John G. Williamson *v.* DeFrain Sand Company,
Appellant.

Argued October 3, 1928.

Before Porter, P. J., Henderson, Trexler, Keller,
Linn, Gawthrop and Cunningham, JJ.

*S. S. Herman,* for appellant, cited: Davis et al. v.
American Ice Co., 285 Pa. 177; Bernstein v. Smith, 86

Pa. Superior Ct. 366; Bloom v. Bailey et al., 292 Pa. 348.

David I. Scanlon, and with him Alfred T. Steinmetz, for appellee, cited: Frank v. Pleet, 87 Pa. Superior Ct. 494; Kutz v. General Baking Co., 87 Pa. Superior Ct. 297; Close v. Philadelphia Electric Co., 90 Pa. Superior Ct. 260.

OPINION BY TREXLER, J., November 21, 1928:

The plaintiff was driving a Ford coupe proceeding north on Frankford Avenue and as he approached Elkhart Street, he put out his hand and turned left when he arrived at the center of Elkhart Street. The only thing in his line of vision was a trolley car coming on the southbound track toward Elkhart Street. About thirty or forty feet ahead of him was a truck going the same way he was going. At the time he made the turn, the approaching trolley was about in the center of the block and as the front wheels of his car were about passing the western rail of the southbound track, he was struck by defendant's truck which was coming towards him at the rate of thirty-five miles an hour. The coupe was turned around, the right door being opened by the force of the impact and defendant fell out on the street. The truck continued after it struck the coupe, ran up on the sidewalk and broke off the pedestal of a mailbox which was fifteen or twenty feet distant of the point of collision. The plaintiff was travelling at the rate of about fifteen miles an hour. When he saw the truck coming it was about fifty feet away from him and he put on his brakes. The plaintiff testified there was nothing to prevent him from seeing the truck. The reason he did not see it was because it did not come in the line of his vision.

We might, upon these facts, conclude that the plaintiff was guilty of contributory negligence in that he

ran into obvious danger, but there are peculiar circumstances in the case which differentiate it from the cases cited by the defendant in which plaintiffs under similar circumstances as those we have just narrated were held to be guilty of contributory negligence.

As stated before, there was a truck proceeding ahead of the plaintiff northwardly on Frankford Avenue about thirty or forty feet distant from him. Evidently his line of vision did not extend beyond the space occupied by this truck. His view was confined largely to the west side of the street ahead of him upon which he was proceeding. The truck which afterward struck him was on the east or wrong side of Frankford Avenue, it passed the trolley car on the east side of Frankford Avenue and then turned over to the west side. This circumstance explains why the plaintiff did not see the truck until it was quite close to him. As the court in its opinion refusing a new trial properly stated: "There was nothing, as plaintiff saw the scene, that would suggest any danger. The presence of defendant's truck on the left or wrong side of the street when the whole west side (the proper side for southbound vehicles) was open to it, was not only unknown to the plaintiff, but was not to be expected. His duty, of course, was to use his eyes, to observe his course, and this he did and saw no danger. When the defendant's sudden turn across the face of the trolley car made him a danger, plaintiff saw him and at once applied his brakes. That the truck's shift from the left to right side of the street must have been sudden is evident from the fact that it had but 150 feet of space in which to overtake the trolley car, pass in front of it and appear on the west side of the street. We say 150 feet because when the plaintiff looked north before turning he saw the trolley car 150 feet away and the truck was not yet at the west side of the street. What more the plaintiff could have done than apply his brakes we do not see. It may or

440

may not have been that he could have speeded up across the pathway of the truck and thus avoided it. But in the emergency that confronted him, he is not to be held to the exercise of the best judgment, but only to the conduct of a prudent person under the circumstances. His reason for stopping seems to us to have been good, indeed better than that for dashing ahead. He said he stopped because there was plenty of room for the truck to pass in front of him." We can add nothing to what the lower court has so well said.

The assignments of error are overruled and the judgment is affirmed.